UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| YASMIANY CARMONA<br><br>Plaintiff,<br><br>v.<br><br>MILATI, INC. and<br>ADOLFO AGUIRRE<br><br>Defendants. | Case No.: 8:20-cv-1550 |

## - COMPLAINT AND DEMAND FOR JURY TRIAL -

Plaintiff YASMIANY CARMONA by and through the undersigned counsel, hereby files this Complaint against the above-named Defendants, MILATI, INC. and ADOLFO AGUIRRE.

## NATURE OF THE CASE

1. This is an action brought by Plaintiff YASMIANY CARMONA, (hereafter "Plaintiff") against his former employers, Defendants MILATI, INC. and ADOLFO AGUIRRE (hereafter referred to as "Defendants") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. During the term of Plaintiff's employment, Plaintiff performed work for Defendants in excess of forty (40) hours in a workweek for which he was not compensated at one-and-a-half times his regular rate of pay.

3. Defendants had a practice of paying Plaintiff's overtime hours at Plaintiff's regular rate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction conferred by 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Hillsborough County has the greatest nexus with the cause because it is where Plaintiff provided services and Defendants conducted business.

## PARTIES

6. Plaintiff, YASMIANY CARMONA, a resident of Hillsborough County, was a former employee of Defendants who worked at Osteria Natalina, a restaurant located in Tampa, Florida.

7. Plaintiff, YASMIANY CARMONA, is an employee as defined by the laws under which this action is brought.

8. Defendants MILATI, INC. and ADOLFO AGUIRRE are employers as defined by the laws under which this action is brought.

9. Defendants operate Osteria Natalina in Tampa, Florida.

10. Defendant MILATI, INC. is a corporation organized and existing under and by virtue of the laws of Florida.

11. Defendant ADOLFO AGUIRRE is a resident of the State of Florida, who owned and/or operated MILATI, INC. and who regularly: a) exercised control over the day-to-day operations of said entity; b) had personal and direct involvement in employment affairs; c) established employee wages, including Plaintiff's wages and overtime pay; and d) controlled terms of employment, including Plaintiff's terms of employment and schedule.

## COVERAGE

12. Defendant MILATI, INC. is an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

13. Defendants are engaged in the restaurant industry, and are thus engaged in interstate commerce, *inter alia*, by working on or otherwise handling goods moving in interstate commerce, and purchasing food and supplies manufactured outside the state of Florida, which cross state lines in the flow of commerce. For instance, Defendant's website states: "Our wine is imported directly from Italian wineries."

14. Defendants sell food in the stream of commerce and accept payment from customers through credit cards and/or checks from banks located outside the state of Florida. Defendants also host one or more websites and/or Facebook pages viewed by potential customers across state

15. lines, and send faxes, emails, and other communications across state lines.

15. Upon information and belief, MILATI's annual gross volume of sales exceeded $500,000/year at all relevant times.

16. Defendant MILATI, INC. is an employer within the definition of the FLSA, 29 U.S.C. § 203.

17. Defendant ADOLFO AGUIRRE is an employer within the definition of the FLSA, 29 U.S.C. § 203.

18. During the term of his employment, Plaintiff YASMIANY CARMONA was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

19. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendants.

20. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

21. Plaintiff YASMIANY CARMONA was employed by Defendants MILATI, INC. and ADOLFO AGUIRRE, from April 2019 to July 2020.

22. Plaintiff held a chef position at the time of separation.

23. Plaintiff's duties included preparing food and cleaning.

24. Plaintiff was an hourly employee.

25. Plaintiff's last hourly rate was $16.25 per hour.

26. During his employment with Defendants, Plaintiff was classified as non-exempt.

27. Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

28. During the period covered by the employment, Plaintiff worked more than forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times his regular rate of pay.

29. Plaintiff worked an average of 48 hours a week but was paid all hours at his regular rate, omitting the overtime premium.

30. Defendants MILATI, INC. and ADOLFO AGUIRRE were aware that Plaintiff was working more than forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

31. Defendants' actions were willful and/or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

32. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendants' custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is unknown at this time.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

33. Plaintiff YASMIANY CARMONA re-alleges and incorporates the allegations contained in Paragraphs 1 through 32 above.

34. Defendants MILATI, INC. and ADOLFO AGUIRRE failed to pay Plaintiff

properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

35. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

36. As a result of Defendants' willful violation of the FLSA, Plaintiff YASMIANY CARMONA is entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff YASMIANY CARMONA respectfully requests judgment against Defendants MILATI, INC. and ADOLFO AGUIRRE and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorneys' fees and costs as provided by 29 U.S.C. § 216(b); and

e. Such further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

37. Plaintiff requests a jury trial to the extent authorized by law.

Dated: July 8, 2020.                                     Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
3980 Tampa Rd.
Suite 205
Oldsmar, Florida 33677
Telephone: 813.333.1322
Toll free: 888.WagesDue
Fax: 813.603.4500
 WagesDue.com

s/ Cynthia Gonzalez
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff
cynthia@wagesdue.com